```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

NORMAN R. JEFFERY, JR., on behalf of
himself and others similarly situated, and
UNITED MINE WORKERS OF AMERICA
INTERNATIONAL UNION,

        Plaintiffs,

v.                                    Civil Action No. 2:20-cv-00556

ERP FEDERAL MINING COMPLEX LLC,

        Defendant.

## ORDER

        The court takes note of the plaintiffs' request for entry of default judgment by the Clerk, filed on December 8, 2020 (ECF No. 10).

        The default judgment requested by the plaintiffs is beyond the Clerk's authority to enter under Fed. R. Civ. P. 55(b)(1) for at least the following reasons.

        First, the Clerk may not enter default judgment when, as here, the relief sought in the complaint includes demands for declaratory and injunctive relief and an award of reasonable attorney's fees, see ECF No. 1, and the plaintiffs have not indicated that they are withdrawing their demands for these forms of relief, see Fed. R. Civ. P. 55(b)(1) (authorizing the

clerk to enter default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); see also, e.g., Fidelity Nat'l Titles Ins. Co. v. Jackson, No. 4:19-cv-2979 HEA, 2020 WL 353594, at *2 (E.D. Mo. Jan. 21, 2020).

Second, the Clerk may not enter default judgment when, as here, because the plaintiffs have not indicated that they are withdrawing their demands for forms of relief that may not be awarded by a clerk's entry of default judgment, the default judgment would not constitute a final judgment. See 10 Moore's Federal Practice § 55.24 (2020) ("The clerk should enter a default judgment only when the judgment resolves all the claims against all the parties and results in a final, appealable judgment.").

Third, the Clerk may not enter default judgment when, as here, the amount of compensatory damages sought in the plaintiffs' request exceeds the amount of compensatory damages that can be made certain by computation from the complaint's allegations. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The court notes that, although the plaintiffs' complaint identifies 17 persons who are similarly situated to, and thus are alleged to be entitled to

2

the same compensatory damages as, the named plaintiff, see ECF No. 1 at 1; ECF No. 1-1 at 2-3, the plaintiffs' request seek judgment for compensatory damages for two additional persons alleged to be similarly situated to the named plaintiff, see ECF No. 10 at 1-2, 5; ECF No. 12-1 at 2; ECF No. 12-2 at 29, 121.

For the foregoing reasons, it is ORDERED that the plaintiffs' request for entry of default judgment by the Clerk (ECF No. 10) be, and hereby it is, denied without prejudice. If the plaintiffs wish to proceed with seeking entry of default judgment by the Clerk, their request may be refiled, together with a stipulation withdrawing all forms of relief that may not be awarded by a clerk's default judgment, taking care to omit claims for compensatory damages with respect to persons not alleged by the complaint to be similarly situated to the named plaintiff.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 23, 2020

John T. Copenhaver, Jr.
Senior United States District Judge