# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| NORMAN R. JEFFERY, JR., on behalf of himself and others similarly situated; and UNITED MINE WORKERS OF AMERICA INTERNATIONAL UNION, <br><br> Plaintiffs, <br><br> v. <br><br> ERP FEDERAL MINING COMPLEX LLC; <br><br> Defendant. | CIVIL ACTION NO. 2:20-cv-00556 |

## MOTION FOR COURT'S ENTRY OF DEFAULT JUDGMENT, MADE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE R. 55(b)(2), AGAINST DEFENDANT ERP FEDERAL MINING COMPLEX, LLC

COMES NOW Plaintiff United Mine Workers of America International Union ("UMWA"), and Plaintiffs Norman R. Jeffery, Jr. and others similarly situated as identified in Exhibit 1 to the Amended Complaint ("individual Plaintiffs") (ECF No. 18, ECF No. 18-1), through their undersigned counsel, and submit this Motion for Default Judgment pursuant to Fed. R. Civ. P. Rule 55(b)(2) and Local Rule 7.1.  The Amended Complaint in this matter was filed with this Court on January 26, 2021 (ECF No. 18).  On February 4, 2021 service of the Amended Complaint was properly effectuated upon Defendant (Returned Summons, ECF No. 21).  After Defendant failed to respond to the Amended Complaint within 21 days after being served with the Summons and Complaint, Plaintiffs sought and obtained the Clerk's Entry of Default against ERP-FMC.  (ECF No. 22; ECF No. 24).   Accordingly, Plaintiff presently moves this Court for Default Judgment pursuant Fed. Rules Civ. Pro. 55(b)(2).  Defendant is neither an infant nor an

incompetent person, and is not in military service on behalf of the United States of America. (ECF No. 18 at ¶6).

Plaintiffs seek declaratory and injunctive relief against ERP Federal Mining Complex LLC ("ERP-FMC" or "Employer") arising from Defendant's breach of its Collective Bargaining Agreement with Plaintiff UMWA in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), caused by its failure to administer, maintain, and fund the contractual Employer Benefit Plan and to provide benefits thereunder, and by its failure and refusal to arbitrate the dispute over said breach thereby rendering the contractual dispute resolution process futile. (ECF No. 18, Amended Complaint ¶1, ¶24, ¶25, Count I and Count II). In further remedy thereof, Plaintiffs seek the award of damages arising from unpaid charges of health benefit providers rendered for health care services, caused by Defendant's breach of contract, for an aggregate sum total of $174,309.07 (ECF No. 18, Amended Complaint ¶33), as evidenced by the documentation of Plaintiffs' unpaid health bills attached in redacted form hereto as Exhibit B and Exhibits B-1 through B-20 and as filed under seal in unredacted form. The Complaint further seeks with respect to Count III of the Amended Complaint the recovery of benefits under ERISA, 29 U.S.C. § 1001 et seq., arising from the unpaid medical bills that individual Plaintiffs have incurred as a result of Defendant's breach of the Collective Bargaining Agreement and the resulting demands for payment made upon them by health care providers as a result of said breach. (ECF No. 18, Amended Complaint ¶1, ¶26, Count III).

Jurisdiction and venue under the LMRA is conferred upon the Court by Section 301 of the LMRA, 29 U.S.C. § 185, and by Section 502 of ERISA, 29 U.S.C. §§ 1132, and by 28 U.S.C. § 1331, 1337, and 1391(b). Venue in this judicial district is proper under § 301 of LMRA, 29 U.S.C. § 185, and § 502(e) of ERISA, 29 U.S.C. § 1132(e), and this Court has personal

jurisdiction over Defendant, because Defendant was at material times hereto doing business in this judicial district at its mining operations located and in southern West Virginia, in Boone, Logan and Lincoln counties, under a collective bargaining agreement with the UMWA, and because a substantial part of the events giving rise to the claim occurred in this judicial district. (ECF No. 18 at ¶¶6, 9).

This Motion is based upon the allegations in the Amended Complaint ECF No. 18 and the Affidavit of Deborah Stern attached hereto as Exhibit A, the documentation of individual Plaintiffs' unpaid health bills attached in redacted form hereto as Exhibit B and Exhibits B-1 through B-20 and filed under seal in unredacted form, and is accompanied by a Memorandum in Support of said Motion.

**WHEREFORE, Plaintiffs pray that this Court**:

**I.** Direct the Clerk to enter default against Defendant in the principal aggregate sum of $174,309.07 to remedy Defendant's breach of the Collective Bargaining Agreement Award, under the LMRA and ERISA, caused by its failure to administer, maintain, and fund the contractual Employer Benefit Plan and to provide benefits thereunder, and by its failure and refusal to arbitrate the dispute over said breach thus rendering the contractual dispute resolution process a futility. Said damages arise from the unpaid medical bills that individual Plaintiffs have incurred and the resulting demands for payment made upon them by health care providers as a result of said breach, as documented by Exhibits B and Exhibits B-1 through B-20 which have been filed under seal, and which are publicly filed herewith in redacted form, and the award of said damages is necessary to restore the individual Plaintiffs to the position they would have occupied but for Defendant's contractual and statutory violations.

**II.** Declare that Defendant has violated Section 301 of the LMRA, 29 U.S.C. §185, and enjoin Defendant from violating Section 301 of the LMRA, caused by its failure to comply with the Collective Bargaining Agreement to administer, maintain and fund the Employer Benefit Plan and to provide the benefits under the Plan, and order Defendant to provide the contractual health benefits owed to individual Plaintiffs so as to restore them to the position they would have occupied but for Defendant's breach;

**III.**   Declare that Defendant has violated Section 502 of ERISA, and enjoin Defendant from violating Section 502 of ERISA, caused by its failure to administer, maintain and fund the Employer Benefit Plan and to provide the benefits under the Plan, and order Defendant to provide the contractual health benefits owed to individual Plaintiffs so as to restore them to the position they would have occupied but for Defendant's breach;

**IV.**   Award such other relief as the Court deems just and proper.

Dated: April 8, 2021

Respectfully Submitted,

_/s/ Kevin F. Fagan_
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2418
(703) 291-2448 (fax)
email:  kfagan@umwa.org

_/s/ Timothy J. Baker_
Timothy J. Baker, *admitted Pro Hac Vice*
United Mine Workers of America
18354 Quantico Gateway Drive
Triangle, VA 22172
(703) 291-2418
(703) 291-2448 (fax)

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing **Motion for Court's Entry of Default Judgment Made Pursuant to Federal Rules of Civil Procedure R. 55(b)(2) Against Defendant ERP Federal Mining Complex, LLC** and the **Proposed Order** have been served on the Defendant listed below by placing same in the U.S. mail, first class, postage prepaid, this 8th day of April, 2021:

>ERP Federal Mining Complex, LLC
>c/o Corporation Service Company
>209 West Washington Street
>Charleston, WV 25302

*Counsel for Plaintiff*

_____/s/ Kevin F. Fagan_____

Kevin F. Fagan, WVSB No. 5216