```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**NORMAN R. JEFFERY, JR., on behalf of
himself and others similarly situated, and
UNITED MINE WORKERS OF AMERICA
INTERNATIONAL UNION,**

        Plaintiffs,

v.                              Civil Action No. 2:20-cv-00556

**ERP FEDERAL MINING COMPLEX LLC,**

        Defendant.

## ORDER

**Pending is the plaintiffs' motion for leave to file a redacted version of exhibits supporting their motion for the court's entry of default judgment on the public docket and to file unredacted versions of the exhibits under seal, filed on April 8, 2021 (ECF No. 25).**

**The plaintiffs filed their motion for the court's entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). See ECF No. 28. To support their request therein for an award of damages in a sum certain, the plaintiffs contemporaneously filed two versions of numerous unpaid medical bills as exhibits, both versions presently under seal. See ECF No. 25-1; ECF No. 25-2. The first version is unredacted, see ECF No. 25-1, and**

the plaintiffs ask that the unredacted version remain under seal pursuant to Fed. R. Civ. P. 5.2 and LR Civ P 5.2.1 and 26.4(c) because the exhibits contain personal health information protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") and related regulations promulgated by the U.S. Department of Health and Human Services, see ECF No. 25.  The second version redacts[1] the personal health information the plaintiffs assert is protected from disclosure by HIPAA and related regulations, see ECF No. 25-2, and the plaintiffs ask that they be allowed to file the redacted version on the court's public docket, see ECF No. 25.  The plaintiff's note that they have already filed a copy of the redacted version on the public docket in support of their motion for the court's entry of default judgment.  See ECF No. 25 at 2 n.1 (citing ECF No. 28-2).

By an order entered this date, the court denied without prejudice the plaintiffs' motion for the court's entry of default judgment.  In so doing, the court did not find it

---

[1] In truth, the second version of the exhibits alters some pages of the first version while completely omitting other pages.  For purposes of redaction, best practice calls for providing the entirety of the exhibits and then blacking out or otherwise obscuring the portions of the exhibits intended to be redacted and leaving the remaining portions unaltered.  The court expects any further efforts at redaction to follow this practice.

necessary to rely on the exhibits.² Accordingly, the court does not believe that the exhibits constitute judicial records implicating the public's right of access under the common law or the First Amendment. See In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283 (4th Cir. 2013); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567 (4th Cir. 2004); In re Policy Mgmt. Sys. Corp. 67 F.3d 296, 1995 WL 541623 (4th Cir. 1995) (unpublished table decision).

Assuming, without deciding, that the exhibits are judicial records implicating the public's right of access,³ the court would conclude, with one exception, that the redactions contemplated by the plaintiffs' motions are narrowly tailored to protect a sufficiently compelling privacy interest and thus that the common-law and First-Amendment rights of access, to the

---

² The plaintiffs previously filed a request for the Clerk's entry of default judgment, relying on the unredacted version of the same exhibits also filed under seal. See ECF No. 10; ECF No. 12-1; ECF No. 12-2. By a December 23, 2020 order, the court denied without prejudice the plaintiffs' request. See ECF No. 13. In so doing, the court did not find it necessary to rely on the exhibits except to note a mismatch between the number of employees with medical bills provided in the exhibits and the number of employees alleged to be at issue in the initial complaint. See id.

³ The court anticipates that the plaintiffs will seek default judgment again and will refile the same medical records as exhibits, with an accompanying motion to redact the same information which they seek to redact through the current motion. The court thus addresses the propriety of redacting the exhibits in this order in the interests of judicial economy.

extent they attach, are overcome by the plaintiffs' privacy interests in the redacted information, which is largely tangential to the merits of the action.  See United States v. Kravetz, 706 F.3d 47, 63 (1st Cir. 2013); Boone v. Bd. of Governors of Univ. of N.C., 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019); In re Motion to Unseal Court Records, No. 19-00282 HG-WRP, 2019 WL 5191818, at *4-6 (D. Haw. Oct. 15, 2019); United States v. King, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *1-3 (S.D.N.Y. June 15, 2012); Stokes v. Graham, No. 5:10-CV-296-F, 2010 WL 3834543, at *1 (E.D.N.C. Sept. 30, 2010).[4]

       The exception, adverted to in the preceding paragraph, relates to billing information.  In the exhibits, the plaintiffs provide a summary of the unpaid medical bills for each of the individual plaintiffs, which consists of (1) a total of each individual's unpaid medical bills and (2) a summary of each unpaid bill, including the name of the service provider, the date of service, the patient's name, the total charge for the service, the amount paid through the plan, and the amount remaining due.  See, e.g., ECF No. 25-1 at 3-4.  The redacted

---

[4] The court notes that some of the medical information the plaintiffs seek to redact relates to minors and that the redaction of medical and other personal information related to minors is especially appropriate.  See Webb v. Murphy Brown, LLC, No. 4:14-CV-00152-BR, 2021 WL 1342523, at *2 (E.D.N.C. Apr. 9, 2021); Mears v. Atl. Se. Airlines, Inc., No. 5:12-CV-613-F, 2014 WL 5018907, at *1-5 (E.D.N.C. Oct. 7, 2014).

version of the exhibits omits this information. See, e.g., ECF No. 25-2 at 2; ECF No. 28-2 at 2. At a minimum, the plaintiffs' amended complaint puts at issue at least the dates and amounts – and perhaps the name, or, in the case of a minor, initials, of the patient and the service provider) reflected in these summaries, and, if the plaintiffs again seek default judgment, they should reconsider their requests to redact this information.

For the foregoing reasons, it is ORDERED that the plaintiff's motion for leave to file a redacted version of exhibits supporting their motion for the court's entry of default judgment on the public docket and to file unredacted versions of the exhibits under seal (ECF No. 25) be, and hereby it is, granted to the extent that the plaintiffs ask to file the current redacted version of the exhibits (ECF Nos. 25-2 and 28-2) on the public docket and denied without prejudice in all other respects. The unredacted version of the exhibits (ECF No. 25-1) shall remain provisionally sealed until further order of the court following the anticipated refiling of the plaintiffs' motion for default judgment. The Clerk is directed to unseal the current motion (ECF No. 25).

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 7, 2021

John T. Copenhaver, Jr.
Senior United States District Judge