```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

NORMAN R. JEFFERY, JR., on behalf of
himself and others similarly situated, and
UNITED MINE WORKERS OF AMERICA
INTERNATIONAL UNION,

      Plaintiffs,

v.                                  Civil Action No. 2:20-cv-00556

ERP FEDERAL MINING COMPLEX LLC,

      Defendant.

## ORDER

Pending is the plaintiffs' motion for the court's entry of default judgment, filed on April 8, 2021 (ECF No. 28).

The plaintiffs commenced this action by filing their initial complaint on August 21, 2020. See ECF No. 1. Although the initial complaint was served on the defendant on September 10, 2020, see ECF No. 4, the defendant has not filed an answer, responded to any of the plaintiffs' or the court's filings, or otherwise made an appearance in this matter. Upon the plaintiffs' request, the Clerk entered a default against the defendant on November 25, 2020. See ECF No. 6; ECF No. 8; ECF No. 9. And on December 8, 2020, the plaintiffs filed a request

for the Clerk to enter default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(1).  See ECF No. 10.

In a December 23, 2020 order, the court concluded that the Clerk could not enter the default judgment requested by the plaintiffs because, among other reasons, "the amount of compensatory damages sought in the plaintiffs' request exceeds the amount of compensatory damages that can be made certain by computation from the complaint's allegations."  ECF No. 13 at 2 (citing Fed. R. Civ. P. 54(c)).  Accordingly, the court denied the plaintiffs' request without prejudice.  See id. at 3.

In response, the plaintiffs filed a motion for leave to file an amended complaint to cure the deficiencies identified by the court's December 3, 2020 order.  See ECF No. 15.  The court granted the plaintiffs leave to amend, see ECF No. 17, and the plaintiffs filed their amended complaint on January 26, 2021, see ECF No. 18.

Like the initial complaint, the amended complaint asserts claims under § 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185, for breach of a collective bargaining agreement based on the defendant's failure to arbitrate (Count I) and its failure to provide employee healthcare benefits pursuant to a benefit plan (Count II), as well as a claim under § 502 of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. § 1132, for depriving employee beneficiaries of promised benefits under the plan (Count III).  Compare ECF No. 1, with ECF No. 18.  And, like the initial complaint, the amended complaint seeks compensatory damages and a declaration that the defendant has breached its duties under the collective bargaining agreement and ERISA.  Compare ECF No. 1 at 9, with ECF No. 18 at 9-10.  Unlike the initial complaint, the amended complaint does not seek injunctive relief, a reimbursement award, prejudgment interest, or attorney's fees and costs.  Compare ECF No. 1 at 9, with ECF No. 18 at 9-10.

The plaintiffs served the amended complaint on the defendant, see ECF No. 21, but the defendant has not answered or otherwise responded or appeared.  Upon the plaintiffs' request, the Clerk again entered a default again the defendant on April 7, 2021.  See ECF No. 22; ECF No. 24.

On April 8, 2021, the plaintiffs filed the current motion for the court's entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), see ECF No. 28, along with a supporting memorandum, see ECF No. 30, and a proposed order, see ECF No. 29.  In the motion, the plaintiffs state that they "seek declaratory and injunctive relief against [the defendant] arising from its breach of its [c]ollective [b]argaining [a]greement," an "award of damages" based on the "[d]efendant's

3

breach of contract," and "the recovery of benefits under ERISA." ECF No. 28 at 2. The plaintiffs further pray that the court "enter default [judgment] against [the] [d]efendant" for a sum certain, "[d]eclare that [the] [d]efendant has violated Section 301 of the LMRA" and "Section 502 of ERISA," and "enjoin [the] [d]efendant from violating Section 301 of the LMRA" and "Section 502 of ERISA." Id. at 3-4.

In their supporting memorandum, the plaintiffs state that the current motion "seek[s] declaratory and injunctive relief[] and [an] award of damages" based on the defendant's breach of the collective bargaining agreement in violation of the LMRA and "further seeks the recovery of benefits under ERISA." ECF No. 30 at 1. The memorandum requests that the court enter default judgment against the defendant in a sum certain, "enjoin [the] [d]efendant from failing to administer, maintain and fund" the healthcare benefit plan pursuant to the LMRA and ERISA, and "order [the] [d]efendant to provide the contractual health benefits owed" pursuant to the LMRA and ERISA. Id. at 14-15.

By their proposed order, the plaintiffs would similarly have the court "enter default [judgment] against [the] defendant," "declare[] that [the] defendant has violated" the LMRA and ERISA, "enjoin [the] defendant from violating Section

4

301 of the LMRA," and "order [the] defendant to provide the contractual health benefits owed." ECF No. 29 at 2-3 (capitalization altered).

Rule 55(b)(2) authorizes district courts upon a plaintiff's application to enter default judgment against a defendant in certain circumstances. See Fed. R. Civ. P. 55(b)(2). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). One commentator has explained the rationale underlying this limitation on default judgment:

> [A] judgment by default is limited to the relief demanded in the complaint. The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the [operative] pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead [a] defendant to believe that only a certain type and dimension of relief was being sought and then, should [the] defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award. . . . . In sum, then, a default judgment may not extend . . . beyond the scope of the relief demanded.

10 Charles Alan Wright et al., Federal Practice and Procedure § 2663 (4th ed. 2021) (footnotes omitted).

Here, the amended complaint seeks relief only in the form of a declaration and an award of compensatory damages in a

5

sum certain. See ECF No. 18 at 9-10. It does not seek injunctive relief. See id. Indeed, the amended complaint modified the language of the original complaint specifically to omit requests for forms of relief other than a declaration and a damages award. See ECF No. 15-5 (providing a "track changes" version of the amended complaint).

The current motion for entry of default judgment, however, seeks <u>injunctive relief</u> in addition to a declaration and a damages award. See ECF No. 28; ECF No. 29; ECF No. 30. Further, the court notes that the injunctive relief sought would seem to require the defendant to do more than merely pay the outstanding healthcare bills that form the basis of the damages award sought. Instead, it would seem to require the defendant to continue to contribute to the healthcare benefit fund throughout the applicable time period set forth in the collective bargaining agreement and to arbitrate any dispute regarding healthcare benefits arising under the terms of the plan. Thus, the relief requested by the current motion goes far beyond the relief requested in the amended complaint and thereby falls afoul of the limitation provided in Rule 54(c).

Accordingly, it is ORDERED that the plaintiffs' motion for the court's entry of default judgment (ECF No. 28) be, and hereby it is, denied without prejudice.

**The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.**

**ENTER: May 7, 2021**

_____
John T. Copenhaver, Jr.
Senior United States District Judge